ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 26 A 8:58

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JOANN HEID,                          )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )   CV 111-171
                                     )
MICHAEL J. ASTRUE, Commissioner      )
of Social Security Administration,   )
                                     )
        Defendant.                   )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

JoAnn Heid ("Plaintiff"), proceeding *pro se*, appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

### I.   BACKGROUND

Plaintiff protectively applied for SSI on August 7, 2000, alleging a disability onset date of January 1, 1996. Tr. ("R."), pp. 51-53. The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. 21. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on July 23, 2002. R. 448-501. On August 19, 2002, the ALJ issued an

unfavorable decision. R. 21-28. Plaintiff then requested that the Appeals Council ("AC") review the ALJ's decision; on April 8, 2005, the AC denied review. R. 5-8. At that point, Plaintiff appealed her case to the United States District Court for the Southern District of Georgia, where the Honorable Dudley H. Bowen, Jr., United States District Judge, on September 19, 2005, remanded the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). R. 524-30. Accordingly, the AC vacated the earlier decision and remanded the case to the ALJ, noting that Plaintiff had filed a subsequent application for SSI on April 20, 2005, and that the subsequent application would be consolidated with Plaintiff's original application from August 7, 2000. R. 534-38. Given the sufficiency of the evidence already on record, the ALJ did not hold a hearing, and on February 2, 2007 issued a fully favorable decision that found Plaintiff disabled as of July 26, 2000.[1] R. 939-44.

However, on June 8, 2007, the Social Security Administration sent Plaintiff a "Notice of Disapproved Claim," informing her that she was ineligible for SSI payments due to her being the co-owner of property valued at $32,900 and thereby exceeding the resource limit of $2,000. R. 945. Plaintiff's subsequent request for reconsideration was denied, R. 948-53, following which she requested a hearing before the ALJ, R. 954. The ALJ then held a video hearing on August 4, 2009. R. 1174-97. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel. Id. On September 2, 2009, the ALJ issued a partially favorable decision, finding that Plaintiff disposed of her

---

[1] As noted by the ALJ, SSI benefits may not be issued prior to the date of application, and thus the decision was considered fully favorable even though Plaintiff had alleged an onset date of January 1, 1996. R. 939.

2

interest in the property on November 8, 2007 and thereby became eligible for SSI benefits as of that date. R. 515-19.

On September 25, 2009, Plaintiff requested that the AC review the ALJ's decision, R. 1156-58, and the AC granted the request, R. 1162-66. Finally, on August 19, 2011, the AC issued a decision that, due to her excess resources, Plaintiff was not eligible for SSI for the time period of August 7, 2000, through November 8, 2007. R. 505-07. Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff now argues that the ALJ and AC erred in finding her ineligible to receive SSI benefits from August 7, 2000 to November 8, 2007. (See doc. no. 9 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff's request for benefits from 2000 to 2007 was supported by substantial evidence and should be affirmed. (See doc. no. 12 (hereinafter "Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to

3

determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Contrary to the Court's instructions (see doc. no. 8, pp. 1, 3), Plaintiff has neither

4

cited authority in support of her position that she has been improperly denied SSI benefits prior to 2007, nor specifically stated the issues presented for review. However, giving a liberal construction to Plaintiff's *pro se* brief, the Court concludes that Plaintiff is arguing that the ALJ erred in determining that her co-ownership of a former home and its associated property with her former spouse constituted excess resources per the language of the SSI statute, and thus operated to preclude her receipt of SSI benefits from 2000 to 2007. She devotes the majority of her brief to her argument that she could not sell the property that she co-owned with her husband because her husband would not have been able to move out, given that his supposed alternative housing was not a feasible option, and that her school-aged children would not have wanted to leave the area. (Pl.'s Br., pp. 2, 4, 6.) Plaintiff also states that, although she tried to take her name off of the bank loan related to the property when she left the home in 2000,[2] the bank "would not allow her to do it, because [she was] was married and [she] had no conversation with her husband at all." (Id. at 3.) As discussed below, Plaintiff's arguments miss the mark, and the Commissioner's argument – that the ALJ's decision is supported by substantial evidence – is the better one.

### A. Plaintiff's Co-Owned Property Was a "Countable" Resource

42 U.S.C. § 1382 establishes eligibility for SSI benefits. The statute provides that, to be eligible for benefits, an aged, blind, or disabled individual must not exceed certain income and resource restrictions. 42 U.S.C. § 1382(a). For such individuals

---

[2]Plaintiff noted at the August 4, 2009 hearing that left the Rivers Circle home and never returned because she and her husband were having marital problems and because her husband was "really mean pyschologically." R. 1186.

without an eligible spouse, the individual's excess, nonexcludable resources must not exceed $2,000. 20 C.F.R. § 416.1205. "Resources" include "cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance." 20 C.F.R. § 416.1201(a). Moreover, "if the individual has the right, authority or power to liquidate the property or his or her share of the property, it is considered a resource." Id. § 416.1201(a)(1). Likewise, "if a property right cannot be liquidated, the property will not be considered a resource of the individual (or spouse)." Id.

Certain resources, however, are excludable from consideration when determining whether an individual meets the excess resources requirement. Notably, an individual's home, which is defined as "any property in which an individual (and spouse, if any) has an ownership interest and which serves as the individual's principle place of residence," 20 C.F.R. § 1212(a), is generally considered an excludable resource. See 20 C.F.R. § 1212(b) ("We do not count a home regardless of its value."). However, "if an individual (and spouse, if any) moves out of her home without the intent to return, the home becomes a countable resource because it is no longer the individual's principle place of residence." 20 C.F.R. § 1212(c). Furthermore, the proceeds from the sale of an excluded home are also excludable to the extent that those proceeds are intended to be used to purchase another home within three months of the date of the receipt of those proceeds. 20 C.F.R. § 1212(e).

In this case, Plaintiff and her husband, Kenneth Blizard, purchased a home and property located at 316 Rivers Circle in Thomson, Georgia in December of 1995, R. 984, 1025-27, 1169, and lived together until July of 2000, at which point Plaintiff left the

6

home and property due to marital problems; her husband left the home shortly thereafter. R. 982-88, 1185. Plaintiff was still married to Mr. Blizard when she initially applied for SSI in August of 2000. R. 51. Plaintiff's daughter then became the house's primary occupant, although Plaintiff stated that her husband returned to the home in late 2001, after which point he was "in and out" of the home, R. 982, and Plaintiff's daughter testified that she lived in the home with her father, R. 1195. Notably, Plaintiff never returned to the home at Rivers Circle. R. 1186. Plaintiff testified that she moved first to Grovetown Apartments for a period of "about a month," then to a friend's trailer, and finally, as corroborated by a refinancing agreement signed in 2001, to 5054 Horseshoe Circle in Hephzibah, Georgia, where she has lived for seven years. R. 1027, 1186-87.

On November 8, 2007, Plaintiff and her husband divorced, R. 1029-39, one result of which was that the property located at 316 Rivers Circle became the sole and exclusive property of Mr. Blizard. R. 1029-39. Accordingly, on that same date, per the instructions in the divorce decree that Plaintiff "sign whatever documents are necessary to transfer title of said property solely into Husband's name," R. 1034, Plaintiff transferred the property to Mr. Blizard via quit-claim deed. R. 1046-47. According to McDuffie County public records, in March of 2007 the property's value was $32,900. R. 984. Based on the fact that Plaintiff permanently moved out of the home at Rivers Circle and into a new home in July of 2000, and that the Settlement Agreement in Plaintiff's divorce decree in 2007 "acknowledged [Plaintiff's] interest in the property," the ALJ thus properly concluded that the Rivers Circle property constituted a countable resource for purposes of determining whether Plaintiff qualified for SSI. 20 C.F.R. § 1212(c).

B. No Undue Hardship to Mr. Blizard

20 C.F.R. § 416.1245(a) establishes an exception to the countability of real property as a resource under § 416.1201, whereby jointly owned property is not a countable resource when "the sale of the property by an individual would cause the other owner undue hardship due to loss of housing." 20 C.F.R. § 416.1245(a). More specifically, "undue hardship would result when the property serves as the principal place of residence for one (or more) of the other owners, sale of the property would result in loss of that residence, and no other housing would be readily available for the displaced other owner." Id.

As correctly noted by the AC, R. 506, the state of Georgia does not recognize joint ownership by a husband and wife as joint tenancy by the entirety; instead, a husband and wife that co-own property are treated as tenants in common. O.C.G.A. § 44-6-120 ("Unless otherwise specifically provided by statute and unless the document or instrument provides otherwise, a tenancy in common is created wherever from any cause two or more persons are entitled to the simultaneous possession of any property."). As such, each co-tenant "shall have the right to possess the joint property." O.C.G.A. § 44-6-121. Moreover, each co-tenant is free to dispose of his or her share of the interest in the property without the consent of the other, but cannot take such an action with respect to the entirety of the property. See POMS SI ATL01110.510;[3] see also Motor Aid v. Ray, 53 Ga. App. 772, 774 (1936) (noting that "a tenant in common is considered seized solely and severally of her share and may dispose of it at her pleasure, and without the

---

[3] See https://secure.ssa.gov/apps10/poms.nsf/lnx/0501110510ATL.

8

knowledge or consent of her remaining tenants in common. . . .").

As noted above, a considerable portion of Plaintiff's argument in her brief concerns the availability, or lack thereof, of alternative housing arrangements for Mr. Blizard in the event that Plaintiff were to sell her share of their co-owned property. (See generally Pl.'s Br.) The record reflects that on June 2, 2004, Mr. Blizard's mother transferred a 4.01 acre tract of land located in Johnson County, Georgia to Mr. Blizard and his sister, reserving for herself a life estate in the residence located thereon. R. 1028. Plaintiff testified that she did not find out about the transfer of that property to her husband until "the hearing," R. 1189-90, and argues that, for a variety of reasons, Mr. Blizard's co-ownership of that property should not have been construed as readily available alternative housing for Mr. Blizard per the language of 20 C.F.R. § 416.1245(a). Plaintiff's argument, however, is misguided, in that it is only tangentially related to the AC's reasoning in its decision.

Plaintiff's argument appears to be based on the AC's indication in its May 12, 2011 "Notice of Appeals Council Action" that it anticipated issuing a later decision that would find that, because the Johnson County Property constituted readily available alternative housing for Mr. Blizard for purposes of determining undue hardship, Plaintiff's ownership interest in the Rivers Circle property was not excludable. R. 1163. However, the AC's later decision, though the same in outcome, was ultimately not based on that ground. R. 506. In fact, the AC noted that Plaintiff would have been able to sell her fifty percent interest in the Rivers County property without causing undue hardship to Mr. Blizard because, in Georgia, husband and wife are treated as tenants in common with regard to co-owned property, and thus Mr. Blizard "would have retained his ownership

9

interest and right to live on the property" even if Plaintiff had sold her share. R. 506. In reaching that decision, the AC did not address the implications of Mr. Blizard's co-ownership of the Johnson County property with regard to whether or not that property constituted readily available alternative housing. Thus, considering that the AC held that the Rivers Circle property was not excludable because Mr. Blizard would not have been forced to leave if Plaintiff had sold her interest in that property – not because Mr. Blizard retained ownership interest in the Johnson County property – Plaintiff's arguments concerning the Johnson County property are immaterial to this analysis.

Moreover, to the extent that Plaintiff argues that she was unable to sell her interest in the Rivers Circle property, her statement that the bank denied her request to have her name removed from the loan related to the that property does not demonstrate that she would have been unable to sell her interest in the same. (Pl.'s. Br., p. 3.) Plaintiff states in a vague and conclusory fashion that the bank "would not allow [her] to do it, because [she was] married and [she] had no conversation with [her] husband at all," but she does not explain how the removal of her name from the loan was related to her ability to sell her interest in the property. Thus, Plaintiff's argument concerning the bank loan does nothing to affect the rationale or propriety of the ALJ's decision.

In sum, the Court finds that the ALJ's and the AC's decision that Plaintiff's co-ownership of the property at Rivers Circle was a countable resource for purposes of determining Plaintiff's eligibility for SSI benefits – and that the property was worth well above the $2,000 limit for that determination – was based on substantial evidence. Additionally, the ALJ's and the AC's decision that Plaintiff would have been able to dispose of her interest in that property without causing undue hardship to Mr. Blizard

was also based on *substantial evidence*, given that Plaintiff and Mr. Blizard were tenants-in-common with respect to the Rivers Circle property, that Plaintiff would have accordingly been able to dispose of her interest in the property without Mr. Blizard's consent, and that Mr. Blizard would have retained the right to possession of the property even if Plaintiff had disposed of her interest. Accordingly, the Commissioner's decision should be affirmed.

IV. **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 26th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE